IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03429-PAB-KLM

DEBORAH LAUFER, an individual,

    Plaintiff,

v.

PAGOSA LODGING 2 LLC,

    Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**COMES NOW,** Defendant Pagosa Lodging 2, LLC by and through his attorneys Todd M. Starr of Cunningham Swaim, LLP ("Defendant"), and in response to the Plaintiff's Complaint, states and alleges as follows:

1. In response to paragraph numbered 1 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

2. In response to paragraph numbered 2 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

3. In response to paragraph numbered 3 of the Complaint, Defendant is without sufficient information to admit or deny the content of "county property records" and, therefore, denies the same.

4. In response to paragraph numbered 4 of the Complaint, Defendant admits that the District of Colorado is a proper venue for this action. Defendant denies the remainder of any allegations in paragraph numbered 4 of the First Amended Complaint.

5. In response to paragraph numbered 5 of the First Amended Complaint, Defendant states that the allegations contained therein do not require a response, but Defendant denies the same.

6. In response to paragraph numbered 6 of the Complaint, Defendant incorporates the above responses as if fully set forth herein.

7. In response to paragraph numbered 7 of the Complaint, Defendant states the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") speaks for itself, that the allegations set forth in paragraph numbered 7 are conclusions of law and do not require an answer but Defendant denies the same.

8. In response to paragraph numbered 8 of the Complaint, Defendant states that 28 C,.F.R. Section 36.302(e)(1) speaks for itself, that the allegations set forth in paragraph numbered 8 are conclusions of law and do not require an answer but Defendant denies the same.

9. In response to paragraph numbered 9 of the Complaint, Defendant is without sufficient information to admit or deny what "these regulations" are and, therefore, denies the same.

10. In response to paragraph numbered 10 of the Complaint Defendant admits that it contracts out with a third party for the online reservations system and denies the rest and remainder of the allegations in paragraph numbered 10.

11. In response to paragraph numbered 11 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

12. In response to paragraph numbered 12 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

13. In response to paragraph numbered 13 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

14. Defendant denies the allegations contained in paragraph numbered 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph numbered 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph numbered 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph numbered 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph numbered 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph numbered 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph numbered 20 of the Complaint.

21. In response to paragraph numbered 21 of the Complaint, Defendant states that the allegations contained therein do not require a response, but Defendant denies the same.

22. In response to paragraph numbered 22 of the Complaint, Defendant incorporates the above responses as if fully set forth herein.

23. Defendant admits the allegations contained in paragraph numbered 23 of the Complaint.

24. In response to paragraph numbered 24 of the Complaint, Defendant is without sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

25. In response to paragraph numbered 25 of the Complaint, Defendant states that the allegations contained therein do not require a response, but Defendant denies the same.

26. Defendant denies the allegations contained in paragraph numbered 26 of the Complaint.

27. In response to paragraph numbered 27 of the Complaint, Defendant states that the allegations contained therein do not require a response, but Defendant denies the same.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims may be barred in whole or in part by Plaintiffs' sole or contributory negligence pursuant to the provisions of C.R.S. § 13-21-111.

3. Plaintiffs' non-economic damages, if any, are limited by C.R.S. § 13-21-102.5.

4. Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to exhaust administrative remedies under the Americans with Disabilities Act

5. Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to mitigate damages, if any.

6. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, Affirmative Defenses.

7. The negligent conduct of a third party was the sole and proximate cause of Plaintiffs' damages and, therefore, Plaintiffs' damages are limited or barred by C.R.S. § 13-21-111.5.

8. Defendant reserves herein the right to assert additional Affirmative Defenses in the event discovery indicates it would be appropriate.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint, enter judgment in its favor and against Plaintiffs on all claims, award fees and costs as permitted by law, and grant such other relief as the Court deems proper.

Defendant demands a trial by a jury of all issues so triable.

Respectfully submitted this 4th day of January 2021.

                                                               */s/Todd M. Starr*
                                                               Todd M. Starr #27641
                                                               Cunningham Swaim, LLP
                                                               PO Box 2560
                                                               Pagosa Springs, Colorado 81147
                                                               (970) 749-0807

                                                               *Attorneys for Defendant*
                                                               *Pagosa Lodging 2, LLC*

### Certificate of Service

I hereby certify that on January 4, 2021 a true and correct copy of Defendant's Answer to Plaintiff's Complaint was served on all parties via ECF and also via email to:

*Suzette M. Marteny Moore*
*S. Moore Law, PLLC*
*2690 S. Combee Road*
*Lakeland, Florida 33803*

                                                               */s/Todd M. Starr*